# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PATRICK BELCHER,                  :

                         Plaintiff,

   -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
                       Defendant.         :

Case No. 3:11-cv-018

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1381(c)(3) as it incorporates §405(g), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v.*

*Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy. 42 U.S.C. §423(d)(2).

To qualify for supplemental security benefits (SSI), a claimant must file an

application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a. With respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520. First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 (1990). If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the

Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed applications for SSD and SSI in April, 2007, alleging disability from March 19, 2007, due to tremors on the right side of his body. PageID 161-67; 168-74; 239. The Commissioner denied Plaintiff's applications initially and on reconsideration. PageID 98-100; 101-03; 109-12; 113-19. Administrative Law Judge Janice Brunig held a hearing, PageID 45-59, and determined that Plaintiff is not disabled. (Tr. 60-91). The Appeals Council denied Plaintiff's request for review, PageID 41-43, and Judge Brunig's decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge Brunig found that Plaintiff has severe Parkinson's disease, but that he does not have an impairment or combination of impairments that meets or equals the Listings. Page ID 50, ¶ 3; Page ID 51, ¶4. Judge Brunig then found that Plaintiff has the residual functional capacity to perform a limited range of light work. PageID 52, ¶ 5. Judge Brunig found further that Plaintiff's impairment does not preclude him from being able to perform his past relevant work as a manager trainee, general inspector, or salesclerk. PageID 53. Judge Brunig concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. *Id.*

Plaintiff sought emergency room treatment on June 13, 2006, for left shoulder sprain. PageID 482-85. Plaintiff subsequently participated in physical therapy for treatment of adhesive capsulitis, but did not show for two appointments and did not schedule further treatments. PageID 477-81.

Plaintiff was hospitalized October 28-30, 2006, for treatment of a right rib fracture

with a pulmonary contusion which he sustained when he fell off a ladder. PageID 458-64.

Plaintiff was hospitalized November 17-22, 2006, for treatment of right-sided hydrohemoneumothorax, chest wall pain, erythema, and positive hepatitis C antibody. PageID 428-57.

Plaintiff sought emergency room treatment on two occasions in March, 2007, for treatment of complaints of right arm and leg tremors and difficulty balancing. PageID 305-33. The physicians who examined and treated Plaintiff reported that he had come cog wheel rigidity primarily bilaterally in his arms, greater on the right than on the left, a shuffling, rigid type gait with bilateral upper extremity tremors, some tremor noted in his right leg, a tremulous type voice, and some right-sided facial dystonia near the corner of his mouth. *Id.* It was noted that Plaintiff's symptoms were consistent with Parkinson's disease. *Id.* A CT scam of Plaintiff's brain was normal. PageID 354.

An MRI of Plaintiff's brain performed on April 11, 2007, revealed mild brain atrophy. PageID 341; see also PageID 355.

Plaintiff consulted with neurologist Dr. Sullivan on April 27, 2007, who noted Plaintiff's tremors, identified Plaintiff's diagnosis as essential tremor. and prescribed medication. PageID 333-43.

Dr. Morgenstern's office notes dated March 28, to October 11, 2007, are a part of the record. PageID 414-21. Those notes reveal that Dr. Morgenstern treated Plaintiff for his Parkinson's-related symptoms and over time noted that Plaintiff had tremors, decreased swinging of the arms on walking, wispiness of speech, some gait problems, and some masked facies. *Id.*

Dr. Morgenstern reported on May 4, 2007, that Plaintiff's diagnosis was Parkinson's

disease, he first saw Plaintiff on March 28, 2007, at which time he had hand tremors, broad-based gait, decreased swinging of arms with ambulation, and that he prescribed medication for Plaintiff. PageID 344-47.  Dr. Morgenstern also reported that Plaintiff had trouble walking any distance or sitting any length of time, and that he was unable to bend, stoop, lift, or grasp.  *Id.*

The record contains a copy of Dr. Sullivan's office notes dated July 13 to November 13, 2009.  PageID 367-81; 497.  Those notes are generally illegible but indicate that Dr. Sullivan noted that Plaintiff continued to exhibit symptoms associated with Parkinson's disease and that he (Dr. Sullivan) continued to treat him with medications.  *Id.*

On September 17, 2007, Dr. Sullivan reported that he had been following Plaintiff over the past two and one-half years for a significant chronic essential tremor, that neurologic exam had not really shown any abnormalities except for the upper extremity and head tremor, and that he has had significant alcohol use in the past.  PageID 494.  Dr. Sullivan also reported that Plaintiff's tremor had been overall fairly well controlled over the past year with use of medications.  *Id.*

On December 4, 2008, Dr. Sullivan reported that because of the worsening of Plaintiff's essential tremor affecting his upper extremities and voice, they were severe enough to not allow Plaintiff to work more than four hours per day, that his response to medications had been limited, and that the progressive nature of his tremor would continue to render him unable to do any typical work activities with his upper extremities.  PageID 445.

In his Statement of Errors, Plaintiff alleges that the Commissioner erred by rejecting his treating physicians' opinions. (Doc. 7).  Specifically, Plaintiff argues that the Commissioner erred by rejecting Dr. Morgenstern's and Sullivan's opinions. *Id.*

"In assessing the medical evidence supporting a claim for disability benefits, the ALJ

must adhere to certain standards." *Blakley v. Commissioner of Social Security,* 581 F.3d 399, 406 (6th Cir. 2009). "One such standard, known as the treating physician rule, requires the ALJ to generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians because

> these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone of from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Id.*, *quoting*, *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544, (6th Cir. 2004), *quoting,* 20 C.F.R. § 404.1527(d)(2).

"The ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley,* 581 F.3d at 406*, quoting, Wilson,* 378 F.3d at 544*.* "On the other hand, a Social Security Ruling[1] explains that '[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.'" *Blakley, supra, quoting,* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *2 (July 2, 1996). "If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment

---

FN 1. Although Social Security Rulings do not have the same force and effect as statutes or regulations, "[t]hey are binding on all components of the Social Security Administration" and "represent precedent, final opinions and orders and statements of policy" upon which the agency relies in adjudicating cases. 20 C.F.R. § 402.35(b).

relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley,* 582 F.3d at 406, *citing, Wilson,* 378 F.3d at 544, *citing* 20 C.F.R. § 404.1527(d)(2).

"Closely associated with the treating physician rule, the regulations require the ALJ to 'always give good reasons in [the] notice of determination or decision for the weight' given to the claimant's treating source's opinion." *Blakley,* 581 F.3d at 406, *citing,* 20 C.F.R. §404.1527(d)(2). "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Blakley,* 581 F.3d at 406-07, *citing,* Soc.Sec.Rule 96-2p, 1996 WL 374188 at *5. "The *Wilson* Court explained the two-fold purpose behind the procedural requirement:

> The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied. *Snell v. Apfel,* 177 F.3d 128, 134 (2nd Cir. 1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule."

*Blakley,* 581 F.3d at 407, *citing, Wilson,* 378 F.3d at 544. "Because the reason-giving requirement exists to ensure that each denied claimant received fair process, the Sixth Circuit has held that an ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given '*denotes a lack of substantial evidence,* even where the conclusion of the ALJ may be justified based upon the record.'" *Blakley, supra, quoting, Rogers v. Commissioner of Social Security.,* 486 F.3d 234, 253

(6th Cir. 2007)(emphasis in original).

In rejecting Drs. Morgenstern's and Sullivan's opinions, Judge Brunig essentially determined that they are not supported by the objective medical evidence and are inconsistent with the other evidence of record.  PageID 53.

As noted above, Dr. Morgenstern reported in May, 2007, that Plaintiff had difficulty walking, exhibited hand tremors, and was unable to bend, stoop, life, and grasp.  Although Dr. Sullivan reported in September, 2007, that Plaintiff's symptoms had been controlled for the past year, by December, 2008, Dr. Sullivan opined that Plaintiff's essential tremor had worsened and that they were severe enough that he was not able to work for more than four hours a day.

The only medical evidence that is even arguably inconsistent with Drs. Morgenstern's and Sullivan's opinions is the reviewing physicians' opinions. See PageID 357-63; 410.  This Court concludes that under these facts, the Commissioner erred by rejecting Dr. Morgenstern's and Dr. Sullivan's opinions.  Therefore, the Commissioner's decision is not supported by substantial evidence on the record as a whole.

If the Commissioner's decision is not supported by substantial evidence, the Court must decide whether to remand the matter for rehearing or to reverse and order benefits granted. The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing."  42 U.S.C. §405(g).  If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted); *see also, Newkirk v.*

9

*Shalala,* 25 F.3d 316 (6th Cir. 1994).

This Court concludes that all of the essential factual issues have been resolved and that the record adequately establishes Plaintiff's entitlement to benefits. Specifically, as this Court essentially noted above, Plaintiff's treating physicians have opined that Plaintiff is disabled and the only medical evidence which arguably opposes the treating physicians' opinions are the opinions of the non-treating, non-examining, reviewing physicians.

It is accordingly recommended that the Commissioner's decision that Plaintiff is not disabled and therefore not entitled to benefits under the Act be reversed. It is further recommended that this matter be remanded to the Commissioner for the payment of benefits consistent with the Act.

August 31, 2011                                               s/ **Michael R. Merz**
                                                                United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).