# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

PATRICK BELCHER, :

                    Plaintiff,

-vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant. :

Case No. 3:11-cv-18

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. Section 2412(d)[EAJA]. (Doc. 15). The parties have fully briefed the issues, (*Id.*, Doc. 16, 17), and the matter is ripe for Report and Recommendations.

Pursuant to the EAJA, Plaintiff seeks an award of attorney fees in the amount of $2,546.14. (Doc. 15). In support of the Motion, Plaintiff's counsel has provided a copy of the Consumer Price Index (CPI), copies of various publications which address attorney billing practices, an itemization of time which reveals that counsel spent 14.75 hours representing his client in this matter, and a Statement by Claimant Regarding EAJA Fees which Plaintiff executed on January 17, 2011. PageID 567; 568-69; 570-76; 581; 582. Plaintiff does not seek an award for costs and expenses. (Doc. 15). The Commissioner opposes Plaintiff's Motion arguing that Plaintiff's requested fees are not reasonable. (Doc. 16).

An award of fees may be made under the EAJA in a social security disability action such as

the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. §2412(d)(1)(B), any fee application be presented to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158 (1990). EAJA fees are payable to the litigant. *Astrue v. Ratliff,* 560 U.S. ___, ___, 130 S.Ct. 2521, 2524 (2010).

A review of the procedural history of this matter is appropriate. Plaintiff filed his Complaint in this matter on January 18, 2011, seeking judicial review of the Commissioner's decision denying his applications for Social Security Disability (SSD) and Supplemental Security Income benefits (SSI). (Doc. 2). On August 31, 2011, I issued a Report and Recommendations recommending that the Commissioner's decision be reversed. (Doc. 10). The Commissioner filed Objections to that Report on September 19, 2011. (Doc. 11). On March 20, 2012, District Judge Walter Herbert Rice adopted my Report in its entirety and reversed the Commissioner's decision that Plaintiff is not disabled. (Doc. 13). On the same date, the Clerk entered judgment accordingly. (Doc. 14). This Motion followed.

There is no dispute that for purposes of the EAJA, Plaintiff is a prevailing party and that he timely filed his present Motion. In addition, the Commissioner does not argue that in the underlying litigation, his position was "substantially justified". (Doc. 16). As noted above, the Commissioner opposes Plaintiff's present motion only on the basis that Plaintiff's requested fee is not reasonable. Therefore, the Court turns to the reasonableness of the requested fee.

The EAJA permits an award of reasonable attorney fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable. See *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The court should exclude time that is excessive, redundant, or inadequately documented. *Id.* at 433-34. Time spent on secretarial or clerical tasks is not "reasonable" if such tasks are performed by an attorney. See *Missouri v. Jenkins,* 429 U.S. 274, 288 n.10 (1989). Fees associated with training attorneys are not compensable under the EAJA when the fees were not incurred as a result of any actions or positions of the government in the litigation. See *Hyatt v. Barnhart,* 315 F.3d 239, 255 (4th Cir. 2002); *Richards v. Secretary of Health and Human Services,* 884 F. Supp. 256, 260 (N.D.Ohio 1995).

The Court has carefully reviewed counsel's affidavit and concludes that the number of hours, 14.75, is reasonable. The Court specifically notes that Plaintiff has not requested compensation for clerical time and that ten and one-half hours of attorney time to review a transcript that contains almost five hundred pages and prepare a ten page Statement of Errors, a five-page reply, and a twelve-page Reply to Objections is reasonable. Having concluded that the number of hours is reasonable, the Court turns to the amount of the requested fee.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the

limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

In denying a motion for relief under Fed.R.Civ.P. 60(b)(6), this Court recently noted:

> In *Douglas* [*v. Commissioner,* No. 3:10-cv-188, 2012 WL 931100 (S.D.Ohio Mar. 19, 2012)], Judge Rice rejected a recommendation that the Court grant the plaintiff's motion for EAJA fees in an amount that represented an hourly rate of $171.81. … Judge Rice noted that in support of the fee motion, the plaintiff's counsel submitted her time sheets along with the United States Department of Labor's Consumer Price Index showing yearly cost-of-living increases from 1996, when the hourly $125.00 EAJA statutory cap was set, through 2010. … Relying on *Bryant v. Commissioner of Social Security,* 578 F.3d 443 (6th Cir. 2009), Judge Rice determined that the plaintiff had failed to satisfy his burden of proving that a rate increase was justified. … Specifically, Judge Rice noted that *Bryant* provides that the plaintiff must produce evidence, in addition to the attorney's own affidavits, that the requested hourly rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." … citing *Bryant,* 578 F.3d at 450, quoting *Bloom v. Stenson,* 465 U.S. 886, 895 n.11 … (1984). Judge Rice acknowledged that he "and his Dayton colleagues have repeatedly found that the Consumer Price Index justifies an increase in the statutory hourly rate, and have repeatedly found that hourly rates of $171…were reasonable." … However, Judge Rice noted that in those cases, the Commissioner did not challenge the hourly rate

4

> which the plaintiffs had requested but that in the case before him the Commissioner *had* challenged the sufficiency of evidence presented in support of the plaintiff's request for an hourly rate above the statutory cap. … (emphasis supplied). Judge Rice noted further that when presented with challenges similar to the one *Douglas* presented, many of [his] colleagues in this district have found that plaintiffs who submitted only the Consumer Price Index failed to meet their burden of proof and were therefore limited to the statutory cap of $125 per hour. … (citation omitted).

*Mullins v. Astrue,* No. C-3:10-cv-404, 2012 WL 1537626 (S.D. Ohio Apr. 30, 2012)(Merz, M.J.), Report and Recommendations adopted, 2012 WL 1854738 (S.D. Ohio May 21, 2012)(Rose, J.). Although this Court recommended denying the Commissioner's motion in *Mullins,* the Court did acknowledge that, "[t]he issue of EAJA fees and a plaintiff's burden to prove entitlement to more than the statutory rate is an issue deserving of general reconsideration in light of *Douglas* … ." 2012 WL 1537626 at *2.

On several occasions this Spring Magistrate Judge Sharon Ovington addressed the issue of EAJA fees and a plaintiff's burden to prove entitlement to more than the statutory rate of $125 an hour.

In *May v. Astrue,* No. 3:09-cv-090, 2012 WL 1203595 (S.D. Ohio Apr. 10, 2012), Report and Recommendations adopted, 2012 WL 1564348 (S.D. Ohio May 2, 2012)(Rice, J.), the plaintiff requested EAJA fees in an amount equal to an hourly rate of $159.38 and the Commissioner did not object to that hourly rate. However, Judge Ovington raised *sua sponte* the issue of the plaintiff's burden of producing appropriate evidence to support the requested increase of the statutory hourly fee of $125. Judge Ovington quoted *Bryant*, 578 F.3d at 450, and determined that the plaintiff, who had submitted only counsel's time records, had not met his burden of "produc[ing] satisfactory evidence---in addition to the attorney's own affidavits---that the requested rates are in line with those prevailing in the community for similar services by

lawyers of reasonably comparable skill, experience, and reputation." *May,* 2012 WL 1203595. Judge Ovington recommended that the plaintiff's motion for EAJA fees be granted to the extent that he be awarded fees in an amount equal to an hourly rate of $125. *Id.* Judge Rice subsequently adopted Judge Ovington's Recommendations. 2012 WL 1564348 (May 2, 2012).

In *Mader v. Astrue,* No. 3:10-cv-263, 2012 WL 1440360 (S.D. Ohio Apr. 16, 2012), Report and Recommendations adopted, 2012 WL 1758694 (S.D. Ohio May 16, 2012)(Rice, J.), the plaintiff requested EAJA fees in an amount that equaled an hourly rate of $172.72, and supported his request with only counsel's time records. The Commissioner did not object to the hourly rate. Judge Ovington again raised *sua sponte* the issue of the plaintiff's burden of producing appropriate evidence to support the requested increase of the statutory hourly fee of $125, and again determined that the plaintiff had not met his burden under *Bryant, supra,* and *Douglas, supra.* Judge Ovington recommended that the plaintiff's request be granted to the extent that he be awarded EAJA fees in an amount that equaled an hourly rate of $125. 2012 WL 1564348. Judge Rice adopted Judge Ovington's Recommendations. 2012 WL 1758694.

Similar to *May* and *Mader,* in *Mitchell v. Astrue,* No. 3:09-cv-276, 2012 WL 1854562 (S.D. Ohio May 21, 2012), Report and Recommendations adopted, 2012 WL 2130941 (S.D.Ohio June 8, 2012)(Rice, J.) and *Bunger v. Astrue,* No. 3-08-cv-275, 2012 WL 1854521 (S.D. Ohio May 21, 2012), Report and Recommendations adopted, 2012 WL 2131116 (S.D.Ohio June 8, 2012)(Rice, J.), the plaintiffs requested EAJA fees in amounts which equaled hourly fees above the statutory hourly rate of $125. The Commissioner did not object to the hourly rates in either *Mitchell* or *Bunger*. However, Judge Ovington raised *sua sponte* the issue of the requested hourly rates and found that the respective plaintiffs had failed to meet the burden of producing satisfactory evidence, in addition to the attorney's own affidavits, that the requested rates are in line with those

prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation as required by *Bryant, supra,* and *Douglas, supra*.

In *Montgomery v. Astrue,* No. 3:11-cv-256, 2012 WL 2064473 (S.D. Ohio June 7, 2012) (Merz, M.J.), Report and Recommendations adopted, 2012 WL 2412069 (S.D. Ohio June 26, 2012)(Rice, J.), the plaintiff moved for EAJA fees in an amount that equaled an hourly rate of $175. The Commissioner did not oppose the plaintiff's EAJA motion. However, citing *May, Mader, Mitchell,* and *Bunger,* this Court raised *sua sponte* the issue of the reasonableness of the requested hourly fee. The Court concluded that

> a litigant and in particular, a successful Social Security plaintiff, who seeks EAJA fees has the burden to prove entitlement to more than the statutory hourly rate of $125. The Court also finds that when seeking EAJA fees in an amount that equals more than the statutory hourly rate of $125, the litigant must produce evidence, in addition to the attorney's own affidavits, that the requested hourly rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant,* 578 F.3d at 450. Finally, the Court concludes that it will, on a case-by-case basis, make a determination of the appropriateness of the requested hourly fee and whether the requesting litigant has satisfied the *Bryant* requirement regardless of whether the Commissioner specifically objects to the amount of the requested hourly fee.

2012 WL 2064473 at *4.

The Court then found that the plaintiff, who had submitted counsel's time records and affidavit as well as a copy of the CPI, had not satisfied his burden under *Bryant, supra* because he "ha[d] not produced any evidence, *in addition to* the attorney's own affidavits, that the requested hourly rates are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (emphasis in original).

With these principles in mind, the Court turns to the present Motion.

First, the Court notes that the Commissioner has, in this case, opposed Plaintiff's Motion on the grounds that the amount is unreasonable. The Commissioner's position is that the Plaintiff has not complied with the requirements of *Bryant, supra*.

As noted above, Plaintiff seeks an award of EAJA fees in the amount of $2,546.14 for 14.75 attorney hours expended pursuing this matter. That fee equals an hourly fee of $172.62 which, of course, is above the statutory hourly rate of $125. Although Plaintiff has submitted a Statement by Claimant Regarding EAJA Fees, a copy of the CPI, copies of various publications which address attorney billing practices, and counsel's time records, Plaintiff has not submitted counsel's own affidavit addressing such matters his background and experience, his non-contingent-fee-case hourly billing rate, and the number of hours he spent representing Plaintiff. Further, Plaintiff has not produced any evidence that his requested hourly rate is in line with those prevailing *in the community for similar services by lawyers of comparable skill, experience, and reputation*.[1] Accordingly, Plaintiff has failed to carry his burden under *Bryant* and *Douglas,* as well as the several other cases cited above, including the most recent, *Montgomery*. Therefore, Plaintiff is limited to an EAJA fee in an amount that equals the statutory hourly rate of $125, or a fee of $1,843.75 ($125 x 14.75 hours).

It is therefore recommended that the Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act…, (Doc. 15), be granted in the amount of $1,843.75 and otherwise denied.

July 27, 2012                    *s/ Michael R. Merz*
                                 United States Magistrate Judge

---

[1] The statistical information that Plaintiff has submitted in support of his present Motion simply does not address these issues. See PageID 568-76.

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).