IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK BELCHER,  :

    Plaintiff,

v.  :  Case No. 3:11-cv-018

MICHAEL J. ASTRUE,    JUDGE WALTER H. RICE
COMMISSIONER OF SOCIAL
SECURITY,  :

    Defendant.

---

DECISION AND ENTRY ADOPTING THE UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC.
#18) IN THEIR ENTIRETY; OVERRULING PLAINTIFF'S OBJECTIONS
THERETO (DOC. #19); SUSTAINING IN PART AND OVERRULING IN
PART PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER EQUAL
ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) (DOC. #15);
AWARDING PLAINTIFF $1,843.75 IN ATTORNEY FEES

---

Based on the reasoning and citations of authority set forth by the United States Magistrate Judge in his July 27, 2012, Report and Recommendations (Doc. #18), as well as on a thorough *de novo* review of the Court's file and the applicable law, the Court ADOPTS said judicial filing in its entirety, and OVERRULES Plaintiff's Objections thereto (Doc. #19).

Notably, *Bryant v. Commissioner of Social Security*, 578 F.3d 443 (6th Cir. 2009), and its progeny requires that, in order to justify an hourly rate in excess of the statutory hourly rate of $125, the attorney must produce more than the Department of Labor's Consumer Price Index showing the rate of inflation. The

attorney must also "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 450 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In *Rogers v. Astrue*, No. 3:10-cv-4322575, 2012 WL 4322575, at *1 (S.D. Ohio Sept. 20, 2012), Magistrate Judge Ovington found that Plaintiff's counsel had satisfied his burden of producing satisfactory evidence to justify an increased hourly rate by submitting: (1) his own affidavit; (2) affidavits of other attorneys who practice social security law in this geographic region; and (3) two recent studies of attorneys' hourly billing rates. *Compare Mitchell v. Astrue*, No. 3:09cv00276, 2012 WL 1854562, at *7 (S.D. Ohio May 21, 2012) (limiting fees to statutory cap when counsel failed to present affidavit or other evidence justifying the requested rate).

For this reason, Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. #15) is SUSTAINED IN PART AND OVERRULED IN PART. The Court finds that Plaintiff's counsel reasonably spent 14.75 hours on this matter. Nevertheless, because Plaintiff failed to satisfy his burden to justify the requested hourly rate of $172.62, he is limited to the statutory hourly rate of $125.00. Accordingly, Plaintiff is awarded attorney fees in the amount of $1,843.75.

Date: March 7, 2013

　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　WALTER H. RICE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE